SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal Bar No. 111707
JOHN D. EDSON, Cal Bar No. 185709
LUKE W. NELSON, Cal. Bar. No. 352388
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail       pklee@sheppardmullin.com
             jedson@sheppardmullin.com
             lnelson@sheppardmullin.com

Attorneys for Allstate Insurance Company, John Alsop Insurance Agency, and Eric Alsop

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONIQUE LAWLER, DARYL LAWLER,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, JOHN ALSOP INSURANCE AGENCY, ERIC ALSOP, DOES 1 through 100,<br><br>Defendants. | Case No. 2:24-cv-01442-AB-SK<br><br>Hon. André Birotte Jr.<br>Courtroom 7B<br><br>**REPLY IN SUPPORT OF ALLSTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Fed. R. Civ. Proc. 12(c)<br><br>Date: April 12, 2024<br>Time: 10:00 a.m.<br>Dept.: 7B<br><br>Complaint Filed: January 26, 2024 |

## **TABLE OF CONTENTS**

Page

I. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS ............................................................................................................ 1

II. ALLSTATE IS ENTITLED TO JUDGMENT ON THE PLEADINGS .......... 1

III. PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW ............................ 2

    A. Plaintiffs Cannot Sue Allstate for Unfair Competition ........................... 2

    B. Plaintiffs Also Cannot Sue Allstate for Alleged IIED ............................ 7

    C. Plaintiffs Cannot Sue the Agents for Their Fraud-Related Claims ........ 8

        1. The Claims Establish that the Defendants Were Allstate Agents ................................................................................................. 8

        2. Plaintiffs Fail to Plead Facts To Support A Fraud Claim ............. 8

        3. Plaintiffs Fail to Plead Facts Demonstrating that an Alleged Promise Was Knowingly False When Made ................ 10

        4. Plaintiffs Cannot Sue Based Upon the Agents' Opinions .......... 10

        5. Plaintiffs' Concealment Claim is Also Improper. ...................... 10

        6. Plaintiffs Fail to Plead Actual and Detrimental Reliance ........... 11

IV. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aberin v. Am. Honda Motor Co., Inc.*
  2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ....................................................... 4

*Adams v. I-Flow Corp.*
  2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ....................................................... 5

*Adkins v. Comcast Corp.*
  2017 WL 3491973 (N.D. Cal. Aug. 1, 2017) ........................................................ 4

*Allstate Ins. Co. v. Madan*
  889 F. Supp. 374 (C.D. Cal. 1995) ....................................................................... 7

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .............................................................................................. 2

*Benn v. Allstate Ins. Co.*
  569 F. Supp. 3d 1029 (C.D. Cal. 2021) ........................................................ 4, 6, 9

*Brownfield v. Daniel Freeman Marina Hosp.*
  208 Cal. App. 3d 405 (1989) ................................................................................ 5

*Cardenas v. NBTY, Inc.*
  870 F. Supp. 2d 984 (E.D. Cal. 2012) .................................................................. 8

*Coleman v. Republic Indem. Ins. Co. of Cal.*
  132 Cal. App. 4th 403 (2005) ............................................................................... 7

*Cook v. State Farm Gen. Ins. Co.*
  2022 WL 16839495 (N.D. Cal. Nov. 9, 2022) ..................................................... 5

*Cooper v. TriWest Healthcare Alliance Corp.*
  2013 WL 5883784 (S.D. Cal. Oct. 30, 2013) ....................................................... 7

*Decker v. GlenFed, Inc.*
  42 F.3d 1541 (9th Cir. 1994) ................................................................................ 9

*Deras v. Volkswagen Grp. of Am., Inc.*
  2018 WL 2267448 (N.D. Cal. May 17, 2018) .................................................. 3, 4

*Diamond v. State Farm Mut. Auto. Ins. Co.*
   2011 WL 1807331 (E.D. Cal. May 11, 2011) ..................................................... 7

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*
   132 F.3d 526 (9th Cir. 1997) ............................................................................... 1

*Esbensen v. Userware Internat., Inc.*
   11 Cal. App. 4th 631 (1992) ............................................................................... 9

*Everts v. Matteson*
   21 Cal. 2d 437 (1942) ....................................................................................... 10

*Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*
   109 Cal. App. 4th 944 (2002) ............................................................................. 9

*Gardner v. Safeco Ins. Co. of Am.*
   2014 WL 2568895 (N.D. Cal. June 6, 2014) ..................................................... 5

*Gold v. L.A. Democratic League*
   49 Cal. App. 3d 365 (1975) ................................................................................ 6

*Guzman v. Polaris Indus. Inc.*
   49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom.*, 143 S. Ct. 2612 (2023) ................................................................................................................ 4

*Harris v. Cnty. of Orange*
   682 F.3d 1126 (9th Cir. 2012) ............................................................................ 1

*Heighley v. J.C. Penney Life Ins. Co.*
   257 F. Supp. 2d 1241 (C.D. Cal. 2003) .............................................................. 5

*Hills Transp. Co. v. Sw. Forest Indus., Inc.*
   266 Cal. App. 2d 702 (1968) .............................................................................. 8

*Icasiano v. Allstate Ins. Co.*
   103 F. Supp. 2d 1187 (N.D. Cal. 2000) ............................................................ 10

*Isaacson v. Cal. Ins. Guar. Ass'n*
   44 Cal. 3d 775 (1998) ......................................................................................... 7

*Jacobson v. Mead*
   12 Cal. App. 2d 75 (1936) ................................................................................ 10

*Khoury v. Maly's of Cal., Inc.*
    14 Cal. App. 4th 612 (1993) .................................................................................. 2

*Lovejoy v. AT&T Corp.*
    119 Cal. App. 4th 151 (2004) ............................................................................. 11

*Maler v. Super. Ct.*
    220 Cal. App. 3d 1592 (1990) .............................................................................. 3

*Mays v. Wal-Mart Stores, Inc.*
    354 F. Supp. 3d 1136 (C.D. Cal. 2019) ........................................................... 1, 2

*McLaughlin v. Nat'l Union Fire Ins. Co.*
    23 Cal. App. 4th 1132 (1994) ............................................................................. 11

*Michaelian v. State Comp. Ins. Fund*
    50 Cal. App. 4th 1093 (1996) .............................................................................. 8

*Mintz v. Blue Cross of Cal.*
    172 Cal. App. 4th 1594 (2009) ............................................................................ 7

*Moore v. Brewster*
    96 F.3d 1240 (9th Cir. 1996) ............................................................................. 10

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*
    46 Cal. 3d 287 (1988) ..................................................................................... 2, 3

*Morsa v. Facebook, Inc.*
    77 F. Supp. 3d 1007 (C.D. Cal. 2014), *aff'd*, 622 F. App'x 915 (Fed. Cir. 2015) ................................................................................................................ 1

*Moss v. Infinity Ins. Co.*
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) .............................................................. 4

*Munning v. Gap, Inc.*
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) .............................................................. 4

*Nachum v. Allstate Ins. Co.*
    1997 WL 580522 (C.D. Cal. July 21, 1997) ...................................................... 6

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*
    86 Cal. App. 4th 303 (2000) .............................................................................. 10

*Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*
    205 Cal. App. 3d 1415 (1988) .......................................................................... 10

*Noll v. eBay, Inc.*
  282 F.R.D. 462 (N.D. Cal. 2012) ..........................................................................8

*Perdue v. Crocker Nat'l Bank*
  38 Cal. 3d 913 (1985) ............................................................................................2

*Prudential Home Mortg. Co. v. Super. Ct.*
  66 Cal. App. 4th 1236 (1998) ................................................................................5

*Rhynes v. Stryker Corp.*
  2011 WL 2149095 (N.D. Cal. May 31, 2011) ......................................................5

*Ricard v. Pac. Indem. Co.*
  132 Cal. App. 3d 886 (1983) .................................................................................7

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*
  55 Cal. 4th 1169 (2013) .......................................................................................10

*S.F. Design Ctr. Assocs. v. Portman Co.*
  41 Cal. App. 4th 29 (1995) ..................................................................................10

*Safeco Ins. Co. v. Super. Ct.*
  216 Cal. App. 3d 1491 (1990) ...............................................................................3

*Schlauch v. Hartford Acc. & Indem. Co.*
  146 Cal. App. 3d 926 (1983) .................................................................................7

*Smith v. Allstate Ins. Co.*
  160 F. Supp. 2d 1150 (S.D. Cal. 2001) ............................................................9, 10

*Stewart v. Life Ins. Co. of N. Am.*
  388 F. Supp. 2d 1138 (E.D. Cal. 2005) .............................................................5, 6

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) .................................................................................8

*Tenzer v. Superscope, Inc.*
  39 Cal. 3d 18 (1985) ............................................................................................10

*Textron Fin. Corp. v. Nat'l Union Fire Ins. Co.*
  118 Cal. App. 4th 1061 (2004) ..............................................................................3

*Thayer Plymouth Ctr., Inc. v. Chrysler Motors Corp.*
  255 Cal. App. 2d 300 (1967) .................................................................................7

*Travelers Prop. Cas. Ins. Co v. Sugar Bowl Corp.*
　2022 WL 2160058 (E.D. Cal. June 14, 2022) ........................................................ 9

*U.S. Concord, Inc. v. Harris Graphics Corp.*
　757 F. Supp. 1053 (N.D. Cal. 1991) ..................................................................... 8

*Umg Recordings, Inc. v. Global Eagle Ent., Inc.*
　117 F. Supp. 3d 1092 (C.D. Cal. 2015) ................................................................. 8

*Vess v. Ciba-Geigy Corp. USA*
　317 F.3d 1097 (9th Cir. 2003) ........................................................................ 8, 10

*Wildin v. FCA US LLC*
　2018 WL 3032986 (S.D. Cal. June 19, 2018) ...................................................... 3

*Zapata Fonseca v. Goya Foods Inc.*
　2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ....................................................... 5

*Zhang v. Superior Court*
　57 Cal. 4th 364 (2013) .......................................................................................... 3

**Statutes**

Business and Professions Code § 17200 ..................................................... 1, 2, 3, 5

Code Civ. Proc. § 526(b)(5) ............................................................................... 7

Unfair Competition Law ........................................................................ 2, 3, 4, 5, 6

**Other Authorities**

Fed. R. Civ. P. 12(c) ..................................................................................... 1, 2, 4

Rule 12(b)(6) ...................................................................................................... 1, 2

## I. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS

This is a simple water loss dispute. Plaintiffs have grossly over-pled their Complaint with ten causes of action. Plaintiffs' Opposition to Allstate's Motion for Judgment on the Pleadings demonstrates that they have not and cannot allege against Allstate claims for alleged: (1) violations Business and Professions Code Section 17200 Unfair Competition Law ("UCL"), (2) intentional infliction of emotional distress ("IIED"), (3) fraud, (4) negligent misrepresentation, and (5) concealment. Each of these causes of action should be dismissed. Because these pleading defects cannot be corrected, the Court should grant Allstate's motion for judgment on the pleadings *without* leave to amend.

Allstate recognizes that Plaintiffs have raised identical arguments against all defendants in their Joint Opposition. Allstate has filed a separate reply brief because Plaintiffs raise arguments that are unique to Allstate.

## II. ALLSTATE IS ENTITLED TO JUDGMENT ON THE PLEADINGS

Plaintiffs argue that a presumption exists to "reject" a motion for judgment on the pleadings. (Opp. 7:11-8:16). Plaintiffs are mistaken. Allstate may seek judgment on the pleadings once they have closed. Fed. R. Civ. P. 12(c). Allstate's motion is "properly granted when, taking all allegations in the pleading as true, [Allstate] is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997).[1]

Under a Rule 12(c) motion, a claim for relief may be dispensed with based on: (1) no cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal.

---

[1] In this respect, a Rule 12(c) motion is "functionally equivalent" to a motion to dismiss under Rule 12(b)(6); the same legal standard applies. *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1131 (9th Cir. 2012); *Morsa v. Facebook, Inc.*, 77 F. Supp. 3d 1007, 1010 (C.D. Cal. 2014), *aff'd*, 622 F. App'x 915 (Fed. Cir. 2015).

2019); *see also id.* ("[I]t is common to apply Rule 12(c) to individual causes of action." (internal quotation marks omitted)). Both apply here.[2]

### III. PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs' Opposition fails to save their improper causes of action.

**A.   Plaintiffs Cannot Sue Allstate for Unfair Competition**

Plaintiffs allege that Allstate breached the UCL. But their claim is improper.

1.   <u>Plaintiffs' UCL Claim is Impermissibly Vague</u>

Plaintiffs allege that the UCL allegations against Allstate are found at paragraphs 1-18 and 64-67 of the Complaint. (Opp. 10:28-11:4). These do not include any fraud allegations. They are instead limited to allegations that Allstate purportedly undervalued a water loss claim.

In their moving papers, Allstate provided authority establishing that conclusory allegations do not meet the pleading test to state a claim for a UCL claim. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993) (demurrer to a section 17200 claim sustained because the complaint "identifies no particular section of the statutory scheme which is violated and fails to describe with reasonable particularity the facts supporting the violation"); *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 929 (1985) (sustaining demurrer where section 17200 allegations were not sufficiently specific). Plaintiffs ignore this authority.

For one of the issues unique to Allstate, it provided authority in its moving papers that Plaintiffs further cannot base a UCL claim on an alleged violation of the Insurance Code or its interpretive regulations. California courts have repeatedly held that there is no private right of action for violation of insurance regulations. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304 (1988). And

---

[2] Although the Court must accept material factual allegations as true in a Rule 12(b)(6) or Rule 12(c) motion, it is not required to accept as true legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

California law does not permit a plaintiff to use the UCL to end-run the *Moradi-Shalal* bar. *See Textron Fin. Corp. v. Nat'l Union Fire Ins. Co.*, 118 Cal. App. 4th 1061, 1070 (2004) ("[P]arties cannot plead around *Moradi-Shalal*'s holding by merely relabeling their cause of action as one for unfair competition."); *Safeco Ins. Co. v. Super. Ct.*, 216 Cal. App. 3d 1491, 1494 (1990) ("[T]he Business and Professions Code provides no toehold for scaling the barrier of *Moradi-Shalal*."); *Maler v. Super. Ct.*, 220 Cal. App. 3d 1592, 1598 (1990) ("[P]laintiffs cannot circumvent that [*Moradi-Shalal*] ban by bootstrapping an alleged violation of section 790.03 onto Business and Professions Code section 17200.").

In their Opposition, Plaintiffs quote *Zhang v. Superior Court*, 57 Cal. 4th 364, 369 (2013) for the unremarkable proposition that "*Moradi–Shalal* does not preclude first party UCL actions based on grounds independent from section 790.03, even when the insurer's conduct also violates section 790.03." (Opp. 12:9-19). Allstate has never argued otherwise. But what is missing from Plaintiffs' Opposition is some statute that they could cite to show that they could allege a UCL claim if given leave to amend. In the absence of some proposed amendment, the Court should grant judgment on the pleadings without leave to amend.

### 2. Plaintiffs Have An Adequate Legal Remedy

Plaintiffs also cannot seek UCL relief because they have not and cannot allege the absence of an adequate remedy at law. In their Opposition, Plaintiffs rely upon a series of unpublished cases for the proposition that they can seek both equitable remedies under the UCL and remedies at law at the same time. (Opp. 11:5-28).[3] But, in 2022, the Ninth Circuit clarified the law and affirmed that the existence of a legal remedy precludes the right to equitable relief under the UCL:

---

[3] In *Wildin v. FCA US LLC*, 2018 WL 3032986, at *7 (S.D. Cal. June 19, 2018), the court recognized a then "intra-circuit split" on the question of whether an adequate remedy at law precludes a UCL claim. That court relied upon two other unpublished cases, both quoted in Plaintiffs' opposition. *Deras v. Volkswagen Grp.*

-3-

> We agree with the district court that *Albright could not bring his equitable UCL claim in federal court because he had an adequate legal remedy in his time-barred CLRA claim.*
>
> . . .
>
> The district court correctly concluded that Albright had an adequate legal remedy in his CLRA claim which, pursuant to the federal inadequate-remedy-at-law principle, *meant that the court lacked equitable jurisdiction to entertain Albright's UCL claim.*

*Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311, 1315 (9th Cir. 2022) (emphasis added), *cert. denied sub nom.*, 143 S. Ct. 2612 (2023).[4]

Even before the *Guzman* decision, every prior <u>published</u> decision affirmed that there is no election of remedies with a UCL claim. Instead, the existence of an adequate remedy at law at the pleading stage precludes the right to seek equitable relief under the UCL. *E.g.*, *Benn v. Allstate Ins. Co.*, 569 F. Supp. 3d 1029, 1033 (C.D. Cal. 2021) (dismissing UCL claim under a Rule 12(c) motion to dismiss because plaintiff had "an adequate remedy of law, and her proposed UCL remedies [restitution and injunction] [were] inappropriate"); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1204 (N.D. Cal. 2017) ("[B]ecause the Court has found Plaintiff has sufficiently pleaded claims for breach of contract and breach of express warranty—which allow her to recover damages—Defendants argue Plaintiff cannot seek restitution or injunctive relief under the UCL."); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (dismissing UCL claim where plaintiff had an

---

*of Am., Inc.*, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018); *Aberin v. Am. Honda Motor Co., Inc.*, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018). But the *Deras* and *Aberin* decisions both relied upon a non-UCL claim to reach this holding. Plaintiffs also rely on *Adkins v. Comcast Corp.*, 2017 WL 3491973, at *1 (N.D. Cal. Aug. 1, 2017). In *Adkins*, the court held that a "motion to dismiss the breach of contract claim is denied." That case did not involve any UCL questions.

[4] For procedural reasons unique to a time-barred claim, the Ninth Circuit agreed that "a jurisdictional dismissal is necessarily without prejudice because the court does not reach the merits of the [non-equitable] claims." *Id*. at 1315.

adequate remedy at law in her other claims, including a breach of contract claim); *Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005) ("Plaintiff does not claim she has no adequate remedy at law. Her breach of contract claim will provide any benefits she is due."); *Prudential Home Mortg. Co. v. Super. Ct.*, 66 Cal. App. 4th 1236, 1250 (1998) (available legal remedies "preclud[ed] equitable relief under the Business and Professions Code"); *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410, 414 (1989) (affirming dismissal of UCL claim where plaintiff could not allege "that she or the general public have, or will, suffer injuries which cannot be compensated by an award of damages"); *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1259-60 (C.D. Cal. 2003) (an essential element of a UCL claim is the absence of an adequate remedy).

The vast majority of prior nonpublished cases also reached the same result.[5]

Here, Plaintiffs admit that they have an adequate remedy at law. They have sued Allstate for alleged breach of contract damages (Complaint ¶¶ 19-34) and tort remedies under their bad faith cause of action, including emotional distress,

---

[5] *Cook v. State Farm Gen. Ins. Co.*, 2022 WL 16839495, at *2 (N.D. Cal. Nov. 9, 2022) ("[E]ven if plaintiffs' proposed claim were cognizable under § 17200, it would fail for the reason that the Court, 'to entertain a request for equitable relief, . . . must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy.'"); *Adams v. I-Flow Corp.*, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010) ("Injunctive relief under the Unfair Competition Law . . . is available only to plaintiffs who can establish that they have no adequate remedy at law."); *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for equitable relief under the CLRA, UCL, and FAL because plaintiff pled five other claims which presented her an adequate remedy at law); *Gardner v. Safeco Ins. Co. of Am.*, 2014 WL 2568895, at *7–8 (N.D. Cal. June 6, 2014) ("It matters not that a plaintiff may have no remedy if her other claims fail."); *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.").

attorneys' fees, and punitive damages. (Complaint ¶¶ 35-49). Because they have adequate remedies at law, they cannot pursue equitable UCL claims. Thus, Plaintiffs' UCL claim fails as a matter of law.

### 3. Plaintiffs Cannot State A Claim For Restitution

In their Opposition, Plaintiffs allege that they pled a claim for injunctive relief in paragraph 66 of their Complaint. (Opp. 11:27-12:2). But that paragraph fails to allege any claim for injunctive relief. Nor do the words "injunctive relief" appear in Plaintiffs' prayer for relief. Instead, Plaintiffs only pled a claim for "restitution" in the form of the "disgorgement of any profit." (Complaint ¶ 66). But Defendants established in their moving papers that restitution is not available when a Plaintiff seeks monetary damages. *Stewart*, 388 F. Supp. 2d at 1144. Defendants further established that the only thing that Defendants took from Plaintiffs were the policy premiums, which is not unlawful. Plaintiffs have not and cannot allege that the collection of policy premiums is an unfair business practice. *Benn*, 569 F. Supp. 3d at 1037 ("*More importantly, there is nothing unlawful about the collection of premiums.*") (emphasis added). For any or all of these reasons, the Court should grant judgment on the pleadings as to the UCL claim.

### 4. Plaintiffs Could Not Seek An Injunction if Given Leave to Amend

The second issue that it unique to Allstate is whether Plaintiffs could seek injunctive relief if given leave to amend. They cannot.

First, Plaintiffs do not plead any facts showing any impending threatened injury. Rather, they allege facts regarding events that have already happened in the handling of their own claim. Therefore, unless a time machine is provided with the order, it will be impossible to implement an injunction for Allstate's past conduct. Because there are no ongoing acts alleged in the Complaint, the request for an injunction is moot. *See Gold v. L.A. Democratic League*, 49 Cal. App. 3d 365, 372 (1975) (dismissing request for injunction because the acts in controversy were completed before the complaint was filed); *Nachum v. Allstate Ins. Co.*, 1997 WL

580522, *8 (C.D. Cal. July 21, 1997) (dismissing request for an injunction regarding an insurance claim because the claim was closed and the issue was moot).

Second, to the extent Plaintiffs argue that their Business and Professions Code claim is really an attempt to enjoin future breaches of contracts between Allstate and its policyholders in future disputes, California law precludes such an injunction. California law precludes a court from ordering an injunction to prevent the breach of a contract. Code Civ. Proc. § 526(b)(5); *Thayer Plymouth Ctr., Inc. v. Chrysler Motors Corp.*, 255 Cal. App. 2d 300, 303-04 (1967) (court cannot grant injunction prohibiting manufacturer from breaching its contract with a distributor).

Thus, the Court should grant judgment on the pleadings without leave to amend.

### B. Plaintiffs Also Cannot Sue Allstate for Alleged IIED

In their Opposition, Plaintiffs allege that their claim for Intentional Infliction of Emotional Distress ("IIED") is proper based upon paragraphs 1-18 and 68-73. (Opp. 13:2-14). But the IIED claim is merely based upon Allstate's claim payment.

In their moving papers, Defendants cited over a dozen cases to establish that an IIED claim cannot be based upon allegations that an insurer wrongfully denied or underpaid an insurance claim. *Ricard v. Pac. Indem. Co.*, 132 Cal. App. 3d 886, 898-90, 895 (1983); *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 930-31, 936 (1983); *Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 383 (C.D. Cal. 1995); *see also Isaacson v. Cal. Ins. Guar. Ass'n*, 44 Cal. 3d 775, 788–89 (1998); *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1609 (2009); *Cooper v. TriWest Healthcare Alliance Corp.*, 2013 WL 5883784, at *6 (S.D. Cal. Oct. 30, 2013); *Diamond v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1807331, at *23 (E.D. Cal. May 11, 2011), *report and recommendation adopted*, 2011 WL 2946363 (E.D. Cal. July 21, 2011); *Coleman v. Republic Indem. Ins. Co. of Cal.*, 132 Cal. App. 4th 403, 417 (2005). Plaintiffs ignore this dispositive authority.

They also had to "plead specific facts that establish severe emotional distress resulting from defendant's conduct." *Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114 (1996). Plaintiffs also ignore this authority.

Thus, the IIED claim is improper and should be dismissed.

### C. Plaintiffs Cannot Sue the Agents for Their Fraud-Related Claims

Plaintiffs' Opposition also demonstrates that they cannot sue for fraud, negligent misrepresentation, and concealment.

#### 1. The Claims Establish that the Defendants Were Allstate Agents

Plaintiffs were required to list the Allstate agents who made allegedly false representations. *Umg Recordings, Inc. v. Global Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015). Plaintiffs concede that the only persons named in support of their fraud allegations against Allstate are the Agent Defendants. (Opp. 14:1-15). Thus, if liability exists, it rests only with Allstate alone and not with them.

#### 2. Plaintiffs Fail to Plead Facts To Support A Fraud Claim

Plaintiffs further failed to plead their claim with the required specificity.

<u>First</u>, Defendants demonstrated that Plaintiffs were required to identify the calendar date when the Agent Defendants allegedly made a false representation. *Noll v. eBay, Inc.*, 282 F.R.D. 462, 468 (N.D. Cal. 2012); *Hills Transp. Co. v. Sw. Forest Indus., Inc.*, 266 Cal. App. 2d 702, 707 (1968); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1056-57 (N.D. Cal. 1991). Plaintiffs simply ignore these authorities.

<u>Second</u>, Plaintiffs fail to allege the "'where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Again, Plaintiffs ignore this authority.

<u>Third</u>, Plaintiffs fail to allege the "*specific content* of the false representations . . . ." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 990 (E.D. Cal. 2012) (emphasis added); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In their Opposition, Plaintiffs allege that they were induced to pay premiums. (Opp.

-8-

14:4-9). But premiums are the consideration for a policy contract to form. *Benn*, 569 F. Supp. 3d at 1037. "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (dismissing fraud claim; "[T]he plaintiff must plead facts explaining ***why the statement was false*** when it was made . . . ."). Here, Plaintiffs fail to plead the specific content of the allegedly false statement about their premiums. Thus, the fraud claims fail as a matter of law.

In Allstate's moving papers, it also argues that, whatever the alleged verbal promise may have been, the policy contains an integration clause. "Integration" is the extent to which a writing constitutes the final expression of the parties' agreement. *Esbensen v. Userware Internat., Inc.*, 11 Cal. App. 4th 631, 636 (1992). "In considering whether a writing is integrated, the court must consider the writing itself, including whether the written agreement appears to be complete on its face; whether the agreement contains an integration clause; whether the alleged parol understanding on the subject matter at issue might naturally be made as a separate agreement; and the circumstances at the time of the writing. [Citations.] Whether a contract is integrated is a question of law when the evidence of integration is not in dispute." *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 953-954 (2002); *Travelers Prop. Cas. Ins. Co v. Sugar Bowl Corp.*, 2022 WL 2160058, at *8 (E.D. Cal. June 14, 2022) ("The Court finds that the plain language of the agreements and the inclusion of the integration clause suggest the agreements were intended by the parties to be separate.") Plaintiffs ignore this dispositive authority. Thus, the fraud claims cannot be saved with leave to amend.

/ / /

/ / /

### 3. Plaintiffs Fail to Plead Facts Demonstrating that an Alleged Promise Was Knowingly False When Made

Plaintiffs have also failed to plead facts showing that Defendants made a statement about what they would do with a future claim with "knowledge of its falsity." *Vess*, 317 F.3d at 1105. In their moving papers, Defendants established that Plaintiffs cannot meet this requirement merely by alleging that Allstate did not pay a water loss claim years later to their satisfaction. *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30-31 (1985); *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996); *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001); *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1191-92 (N.D. Cal. 2000); *Jacobson v. Mead*, 12 Cal. App. 2d 75, 82 (1936); *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1183 (2013). Plaintiffs again ignore this authority. Thus, they failed to meet their burden in pleading facts which show a knowingly false statement.

### 4. Plaintiffs Cannot Sue Based Upon the Agents' Opinions

Plaintiffs also fail to address why the statements alleged are not merely non-actionable opinions. *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 308 (2000); *S.F. Design Ctr. Assocs. v. Portman Co.*, 41 Cal. App. 4th 29, 43–44 (1995); *Everts v. Matteson*, 21 Cal. 2d 437, 451 (1942); *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1423 (1988). Thus, for many reasons, the fraud claims fail as a matter of law.

### 5. Plaintiffs' Concealment Claim is Also Improper.

Plaintiffs concede that Allstate was not in a fiduciary relationship with Plaintiffs. (Opp. 15:12); *Hydro-Mill Co.*, 115 Cal. App. 4th at 1158. They instead allege that their "concealment" claim is proper on the grounds that Defendants "had exclusive knowledge of material facts not known to the plaintiff"; "the defendant actively conceals a material fact from the plaintiff" or "the defendant makes partial representations but also suppresses some material facts." (Opp. 14:28-15:3 (citing

-10-

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)). But "[t]o state a claim for active concealment, a plaintiff must plead that 'the defendant must have been under a duty to disclose the fact to the plaintiff,' and 'the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff.'" *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 157 (2004). Plaintiffs have not done this.

Plaintiffs invite the Court to review paragraphs 1 through 18 and 97 through 108 to support a concealment claim under one of these theories. (Opp. 15:19-23). But these allegations effectively state that Allstate allegedly undervalued the cost of repair following a water loss. (*See also* Complaint ¶ 54). Plaintiffs have not alleged a false promise regarding coverage or that they were underinsured. Plaintiffs also have not and cannot allege that Defendants had a "duty to disclose" that a future water loss claim might not be paid to their satisfaction. Nor can they allege that Defendants "intentionally concealed or suppressed the fact" regarding how much Allstate would pay on their future water loss claim. This would require Defendants to be clairvoyant and predict the future.

### 6. Plaintiffs Fail to Plead Actual and Detrimental Reliance

Finally, in their moving papers, Defendants established that Plaintiffs' fraud claims also fail because they challenged Allstate's claim decision by suing. Thus, they have not and cannot alleged detrimental reliance. *McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1147-48 (1994). Plaintiffs again ignore or concede this authority. Thus, the Court should grant judgment on the pleadings regarding the fraud-related claims without leave to amend.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons stated herein, the Court should grant Allstate's motion for judgment on the pleadings without leave to amend.

Dated: March 29, 2024          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      *s/ John D. Edson*
                JOHN D. EDSON
Attorneys for Allstate Insurance Company, John Alsop Insurance Agency, and Eric Alsop