1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2     Including Professional Corporations
   PETER H. KLEE, Cal Bar No. 111707
3   JOHN D. EDSON, Cal Bar No. 185709
   LUKE W. NELSON, Cal. Bar. No. 352388
4   501 West Broadway, 18th Floor
   San Diego, California 92101-3598
5   Telephone:   619.338.6500
   Facsimile:   619.234.3815
6   E mail     pklee@sheppardmullin.com
              jedson@sheppardmullin.com
7                 lnelson@sheppardmullin.com

8   Attorneys for Allstate Insurance Company,
   John Alsop Insurance Agency, and Eric
9   Alsop

10

11               UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

| 14 | MONIQUE LAWLER, DARYL LAWLER, | Case No. 2:24-cv-01442-AB-SK |
|---|---|---|
| 15 |        Plaintiffs, | Hon. Andre Birotte Jr. Courtroom 7B |
| 16 |    v. | **DEFENDANTS' OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT** |
| 17 | ALLSTATE INSURANCE COMPANY, JOHN ALSOP INSURANCE AGENCY, ERIC ALSOP, DOES 1 through 100, | |
| 18 | | Date:    April 19, 2024 |
| 19 | | Time:   10:00 a.m. Dept.:   7B |
| 20 |       Defendants. | Complaint Filed:  January 26, 2024 |

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................. 1

II.    ALLSTATE IS AN ILLINOIS CORPORATION, AND ALL
       DEFENDANTS ARE LICENSED TO DO BUSINESS IN
       CALIFORNIA ................................................................ 2

III.   THE AMOUNT IN CONTROVERSY FAR EXCEEDS $75,000 ................. 4

IV.    THE AGENT DEFENDANTS ARE "SHAM DEFENDANTS" .................... 9

V.     CONCLUSION ............................................................. 15

1

<u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

<u>Cases</u>

4

*Abari v. State Farm Fire & Cas. Co.*
5
   205 Cal. App. 3d 530 (1988) .............................................................................. 10

6

*Allstate Ins. Co. v. Brown*
   16 F.3d 222 (7th Cir. 1994) ................................................................................ 4
7

8

*Allstate Ins. Co. v. Davis*
   6 F. Supp. 2d 992 (S.D. Ind. 1998) .................................................................... 4
9

*Allstate Ins. Co. v. Davis*
10
   977 F. Supp. 705 (E.D. Pa. 1997) ...................................................................... 4

11

*Allstate Ins. Co. v. James*
12
   779 F.2d 1536 (11th Cir. 1986) .......................................................................... 4

13

*Allstate Ins. Co. v. Madan*
14
   889 F. Supp. 374 (C.D. Cal. 1995) ..................................................................... 4

15

*Allstate Ins. Co. v. Occidental Int'l, Inc.*
16
   140 F.3d 1 (1st Cir. 1998) ................................................................................... 3

17

*Allstate Ins. Co. v. Steele*
18
   885 F. Supp. 189 (D. Minn. 1995) ..................................................................... 4

19

*Am. Title Ins. Co. v. Lacelaw Corp.*
   861 F.2d 224 (9th Cir. 1988) .............................................................................. 5
20

21

*Arias v. Residence Inn by Marriott*
   936 F.3d 920 (9th Cir. 2019) .............................................................................. 6
22

23

*Basel v. Allstate Ins. Co.*
   757 F. Supp. 39 (N.D. Cal. 1991) ...................................................................... 4

24

*Bostic v. Allstate Ins. Co.*
25
   866 F. Supp. 959 (W.D. Va. 1994) ..................................................................... 4

26

*Breitman v. May Co. Cal.*
27
   37 F.3d 562 (9th Cir. 1994) ............................................................................. 2, 3

28

*Budget Rent–A–Car, Inc. v. Higashiguchi*
  109 F.3d 1471 (9th Cir. 1997) ................................................................... 8

*Campbell v. Allstate Ins. Co.*
  1995 WL 376926 (C.D. Cal. 1995) .......................................................... 13

*Campbell v. Vitran Express, Inc.*
  471 F. App'x 646 (9th Cir. 2012) ........................................................ 6, 8

*Canesco v. Ford Motor Co.*
  570 F. Supp. 3d 872 (S.D. Cal. 2021) ..................................................... 4

*Charlin v. Allstate Ins. Co.*
  19 F. Supp. 2d 1137 (C.D. Cal. 1998) .................................................... 12

*Dobbel v. Liberty Ins. Corp.*
  2018 WL 3495661 (E.D. Cal. July 20, 2018) .......................................... 13

*Dunn v. Pepsi-Cola Metro. Bottling Co.*
  850 F. Supp. 853 (N.D. Cal. 1994) .......................................................... 7

*Durben v. State Farm Gen. Ins. Co.*
  2016 WL 4096801 (E.D. Cal. Aug. 1, 2016) .......................................... 13

*Feizbakhsh v. Travelers Com. Ins. Co.*
  2016 WL 8732296 (C.D. Cal. Sept. 9, 2016) ..................................... 12, 13

*Gallagher v. Allstate Ins. Co.*
  74 F. Supp. 2d 652 (N.D.W.V. 1999) ...................................................... 4

*Gasnik v. State Farm Ins. Co.*
  825 F. Supp. 245 (E.D. Cal. 1992) ........................................................ 12

*Gellis v. Allstate Ins. Co.*
  1999 U.S. Dist. LEXIS 15596 (C.D. Cal. Sept. 27, 1999) ......................... 4

*Good v. Prudential*
  5 F. Supp. 2d 804 (N.D. Cal 1998) ........................................................ 12

*Griffin v. Allstate Ins. Co.*
  1995 U.S. Dist. LEXIS 11126 (C.D. Cal 1995) ...................................... 13

*Hampton v. Allstate Ins. Co.*
  48 F. Supp. 2d 739 (M.D. Tenn. 1999) .................................................... 4

*Hertz Corp. v. Friend*
    559 U.S. 77 (2010) ............................................................. 2, 3

*Ibarra v. Manheim Invs., Inc.*
    775 F.3d 1193 (9th Cir. 2014) .............................................. 4

*Infanzon v. Allstate Insurance Company*
    2019 WL 5847833 (C.D. Cal. Nov. 6, 2019) ...................... 8

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*
    199 F. Supp. 2d 993 (C.D. Cal. 2002) .............................. 6

*Khordadian v. N.Y. Life Ins. Co.*
    2014 WL 12705059 (C.D. Cal. June 10, 2014) ................ 12

*Kuebler v. Allstate Insurance Company*
    1998 U.S. Dist. LEXIS 10956 (C.D. Cal. July 9, 1998) ............... 4, 13

*Lewis v. Verizon Commc'ns, Inc.*
    627 F.3d 395 (9th Cir. 2010) ............................................. 7

*Lippert v. Bailey*
    241 Cal. App. 2d 376 (1966) ........................................... 11

*Lowdermilk v. U.S. Bank Nat'l Ass'n*
    479 F.3d 994 (9th Cir. 2007) .......................................... 5, 6

*In re MannKind Sec. Actions*
    835 F. Supp. 2d 797 (C.D. Cal. 2012) ............................ 14

*Mercado v. Allstate Insurance Company*
    340 F.3d 824 (9th Cir. 2003) .................................. 12, 13, 14

*Mireles v. Wells Fargo Bank, N.A.*
    845 F. Supp. 2d 1034 (C.D. Cal. 2012) ............................ 7

*Mondragon v. Capital One Auto Fin.*
    736 F.3d 880 (9th Cir. 2013) ............................................ 10

*Morella v. Safeco Ins. Co. of Ill.*
    2012 WL 2903084 (W.D. Wash. July 16, 2012) ................ 8

*Muniz v. Pilot Travel Ctrs. LLC*
    2007 WL 1302504 (E.D. Cal. May 1, 2007) ...................... 7

-iv-

*Nguyen v. BMW of N. Am., LLC*
    2021 WL 2411417 (S.D. Cal. June 14, 2021) ........................................................ 2

*Paine v. Allstate Ins. Co.*
    1996 U.S. Dist. LEXIS 6407 (C.D. Cal. May 1, 1996) ....................................... 4

*Potts v. Ford Motor Co.*
    2021 WL 2014796 (S.D. Cal. May 20, 2021) ...................................................... 2

*Rosa v. Allstate Ins. Co.*
    981 F.2d 669 (2d Cir. 1992) ................................................................................ 4

*Sanchez v. Monumental Life Ins. Co.*
    102 F.3d 398 (9th Cir. 1996) ............................................................................... 6

*Singer v. State Farm Mut. Auto. Ins. Co.*
    116 F.3d 373 (9th Cir. 1997) ............................................................................... 6

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ............................................................................. 14

*St. Paul Mercury Indem. Co. v. Red Cab Co.*
    303 U.S. 283 (1938) ............................................................................................ 5

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
    2 Cal. App. 4th 153 (1991) ............................................................................... 11

*Vandervest v. Wis. Central, Ltd.*
    936 F. Supp. 601 (E.D. Wis. 1996) .................................................................... 3

*Weinberg v. Allstate Ins. Co.*
    1995 U.S. Dist. LEXIS (C.D. Cal. 1995) ......................................................... 13

*Yaralian v. Home Depot U.S.A., Inc.*
    2015 WL 8374911 (C.D. Cal. Dec. 9, 2015) ..................................................... 8

Statutes

28 U.S.C. §§ 1332 and 1441 ................................................................................ 4, 9, 14

CAFA ........................................................................................................................... 10

Code of Civil Procedure §§ 425.10-11 ......................................................................... 5

Code of Civil Procedure § 425.10(a)(2) ....................................................................... 5

1

<u>Other Authorities</u>

2

Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, §§
2:1797, 2:1799 (2014) ...........................................................................................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

On February 22, 2024, Defendants Allstate Insurance Company, John Alsop Insurance Agency, and Eric Alsop (collectively "Defendants") properly removed this matter to this Court.  (Dkt No. 1).  On March 22, 2024, Plaintiffs moved to remand this case to state court.   (Dkt No. 15).  But their motion is based upon meritless arguments.  For several reasons, the Court should deny their motion.

*First*, Plaintiffs dispute that Allstate is an Illinois corporation or that it is licensed to do business in California.  Multiple published decisions refute their claim.  Allstate has also submitted a copy of its license with this Opposition.

*Second*, Plaintiffs allege that Defendants have not established an amount in controversy exceeding $75,000.  But Plaintiffs' prayer for relief seeks up to $8 million.  The Ninth Circuit has made clear that such admissions are binding and dispositive.  Moreover, Judge Kronstadt has considered the exact wording in a prayer for relief and found it proper to establish the required amount in controversy.

*Finally*, Plaintiffs dispute that John Alsop Insurance Agency and Eric Alsop (the "Agent Defendants') are "sham defendants" for purposes of diversity jurisdiction.  But Plaintiffs admit that the Agent Defendants were at all times agents of Allstate.  The policy also identifies them as "Allstate agents."  They further have an exclusive sale agreement with Allstate.  They can only sell other insurance with Allstate's permission.  Under Ninth Circuit authority, any liability for their alleged acts rests with Allstate, not its agents.

Plaintiff have not alleged that the agents acted as "dual agents."  Nor have they alleged any acts that would establish that the agent defendants acted as "brokers."  For example, they don't allege that they were underinsured.  Plaintiffs only claim that the Agent Defendants failed to help adjust the claim.  But this is an alleged act of an adjuster, not a broker.  Even if they could allege that the agents did something wrong, any liability rests with Allstate as the principal.

Thus, the Court should deny Plaintiffs' motion to remand.

DEFENDANTS' OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT

## II. ALLSTATE IS AN ILLINOIS CORPORATION, AND ALL DEFENDANTS ARE LICENSED TO DO BUSINESS IN CALIFORNIA

Plaintiffs raise a series of meritless arguments against Defendants.

*First*, Plaintiffs question whether Defendants have a right to do business in California. (Plaintiffs' Motion 2:9-27; 3:12-16). This is not a diversity test. And under Plaintiffs' argument, Allstate cannot appear in either federal *or* state court. But Allstate has the proper authority to do business in the State of California. (Declaration of Leanne McWilliams ¶ 4; Ex. A.) The California Secretary of State further shows that Allstate is an Illinois corporation in good standing in California.[1] This is also proof of both Allstate's license and its foreign citizenship. *Potts v. Ford Motor Co.*, 2021 WL 2014796, at *3 (S.D. Cal. May 20, 2021); *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2411417, at *2 (S.D. Cal. June 14, 2021). John Alsop Insurance Agency is also licensed in California, and its license is also in good standing. (John Alsop Dec. ¶ 3, Ex. B; Eric Alsop Dec. ¶ 2, Ex. A; Complaint ¶¶ 2, 4).

*Second*, Plaintiffs question whether Allstate is a diverse defendant. (Plaintiffs' motion 2:4-10). It is. A corporation is a citizen of both the state in which it is incorporated, and the state where it has its principal place of business. *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994), citing 28 U.S.C. § 1332(c). Here, Allstate is incorporated in Illinois. (McWilliams Decl. ¶ 5; Ex. B.)

A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, (2010). The Supreme Court also characterizes that location as the "nerve center": "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not

---

[1] [Search | California Secretary of State](Search | California Secretary of State)

simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."  When evaluating diversity jurisdiction, courts are directed to analyze whether a corporation's headquarters are "the place of actual direction, control, and coordination." *Id.* at 97; *Breitman*, 37 F.3d at 564 ("a corporation's principal place of business is the state in which the executive and administrative functions are performed."); *Vandervest v. Wis. Central, Ltd.*, 936 F. Supp. 601, 603 (E.D. Wis. 1996) (To determine the "nerve center", you "look for the corporation's brain, and ordinarily find it where the corporation has its headquarters.") (internal quotation marks and citation omitted).

Here, Allstate's headquarters are in Illinois.  Allstate's executive and administrative functions are based out of Illinois.  Allstate's chief executive officer and other senior managers have their home base out of Illinois as well.  A majority of Allstate's senior leadership team have a residence in Illinois.  None have a residence in California.  The board of directors for The Allstate Corporation, Allstate's parent company, meets in Illinois.  All in person Board and joint meetings are in Illinois.  All committee meetings are based out of Illinois. Allstate has further closed most regional offices to centralize its operations out of Illinois.  Thus, all major company decisions are referred to Allstate's headquarters in Illinois.  (McWilliams Decl. ¶ 3.)

As the *Breitman* court explained in a similar context:

> May Company's corporate headquarters are located in Missouri, and its executive and administrative functions are performed in that state.  Therefore, the district court properly found that May Company was a citizen of Missouri, and properly concluded that diversity jurisdiction was appropriate in California.

37 F.3d at 564.  Replace "Missouri" with "Illinois," and *Breitman* was describing this case.

Indeed, courts have routinely found that Allstate's principal place of business is in Illinois.  *See Allstate Ins. Co. v. Occidental Int'l, Inc.*, 140 F.3d 1, 8 (1st Cir. 1998) ("Allstate is an Illinois corporation with its principal place of business in

Illinois."); *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 671 (2d Cir. 1992) (same); *Allstate Ins. Co. v. Brown*, 16 F.3d 222, 224 (7th Cir. 1994) (same); *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1538 (11th Cir. 1986) (same); *Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 375 (C.D. Cal. 1995) (same); *Basel v. Allstate Ins. Co.*, 757 F. Supp. 39 (N.D. Cal. 1991) (same); *Hampton v. Allstate Ins. Co.*, 48 F. Supp. 2d 739, 740 (M.D. Tenn. 1999) (same); *Gallagher v. Allstate Ins. Co.*, 74 F. Supp. 2d 652, 653-54 (N.D.W.V. 1999) (same); *Allstate Ins. Co. v. Davis*, 6 F. Supp. 2d 992, 993 (S.D. Ind. 1998) (same); *Allstate Ins. Co. v. Davis*, 977 F. Supp. 705, 707 (E.D. Pa. 1997) (same); *Allstate Ins. Co. v. Steele*, 885 F. Supp. 189, 190 (D. Minn. 1995) (same); *Bostic v. Allstate Ins. Co.*, 866 F. Supp. 959 (W.D. Va. 1994); *Gellis v. Allstate Ins. Co.*, 1999 U.S. Dist. LEXIS 15596, at *2 (C.D. Cal. Sept. 27, 1999) (same); *Paine v. Allstate Ins. Co.*, 1996 U.S. Dist. LEXIS 6407, at *4 (C.D. Cal. May 1, 1996).

The court in *Kuebler v. Allstate Insurance Company*, 1998 U.S. Dist. LEXIS 10956, at *6-7 (C.D. Cal. July 9, 1998), said it best:

> In applying the nerve center test, Illinois is the only possible principal place of business for Allstate. All of Allstate's executive and administrative functions are performed from Illinois, significant executive and management staff work out of Illinois, and all regional and local offices and employees must report to Illinois.

Thus, Allstate is a diverse defendant under 28 U.S.C. §§ 1332 and 1441.

## III.   THE AMOUNT IN CONTROVERSY FAR EXCEEDS $75,000

In an attempt to improperly divest this Court of jurisdiction, Plaintiffs ask the Court to ignore their damage claims in their prayers for relief. They allege that this is "not admissible evidence." (Motion pgs. 4:15; 9:12). Plaintiffs are mistaken.

As a starting point, "The frame of reference for ruling on a motion to remand to state court is the four corners of the operative complaint at the time of removal." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 881 (S.D. Cal. 2021). Thus, in determining the amount in controversy, the Court must first look to Plaintiffs' damage allegations in their Complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2014). Generally, "the sum claimed by the Plaintiffs control if

1  the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red*

2  *Cab Co.*, 303 U.S. 283, 289 (1938) (citations omitted).

3      Here, in their Complaint, Plaintiffs request (1) "special and general damages,

4  compensatory damages for emotional distress and other economic and non-

5  economic losses, which for the purposes of any future default proceedings shall not

6  exceed $1,000,000.00," (2) "punitive and exemplary damages, which for the

7  purposes of any future default proceedings shall not exceed $1,000,000.00," (3)

8  "attorneys' fees and costs, which for the purposes of any future default proceedings

9  shall not exceed $1,000,000.00," and (4) "other and further relief as the Court deems

10 just and proper, which for the purposes of any future default proceedings shall not

11 exceed $1,000,000.00." (Dkt. No. 1, Exh. A, Complaint, Prayer for Damages ¶¶ 1,

12 2, 3, 4). Plaintiffs separately seek these amounts *as to each Plaintiff*. Thus,

13 Plaintiffs are seeking up to $8,000,000.00 in damages.

14      Plaintiffs allege their own prayers for relief should be ignored as

15 "surplusage." (Motion pgs. 4:15; 9:12). But "it is well established that the plaintiff

16 is 'master of her complaint' and can plead to avoid federal jurisdiction."

17 *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998–99 (9th Cir. 2007).

18      Plaintiffs could have just as easily stated in their Complaint that their total

19 damages do not exceed $75,000. Instead, in the event of a default judgment,

20 Plaintiffs admit that they would seek to perfect their right to $8,000,000 in damages.

21      Plaintiffs allege that the Court cannot consider their $8,000,000 claim because

22 it allegedly exists in case of a default judgment under Code of Civil Procedure §§

23 425.10-11. (Motion pgs. 4:14; 9:11). But their argument is self-defeating. Code of

24 Civil Procedure section 425.10(a)(2) provides: "*If the recovery of money or*

25 *damages is demanded, the amount demanded shall be stated*." By definition, this is

26 a demand for money.

27      Plaintiffs are bound by the damage statements in their Complaint. Plaintiffs

28 are now bound by their judicial admissions. *Am. Title Ins. Co. v. Lacelaw*

-5-

1   *Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and

2   pretrial orders, unless amended, are considered judicial admissions conclusively

3   binding on the party who made them.").

4        The Ninth Circuit has made clear that "in assessing the amount in

5   controversy, a *court must 'assume that the allegations of the complaint are true and*

6   *assume that a jury will return a verdict for the plaintiff on all claims made in the*

7   *complaint.*'"  *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir.

8   2012) (italics added); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.

9   Supp. 2d 993, 1001 (C.D. Cal. 2002) (in assessing the amount in controversy, a

10  court must "assume that the allegations of the complaint are true and assume that a

11  jury will return a verdict for the plaintiff on all claims made in the complaint");

12  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (judicial

13  admission may be used to establish amount in controversy).

14       Where, as here, the amount pled as a form of damage exceeds $75,000, the

15  amount in controversy requirement is satisfied.  *Arias v. Residence Inn by Marriott*,

16  936 F.3d 920, 925 (9th Cir. 2019) ("We also agree with Marriott that in assessing

17  the amount in controversy, a removing defendant is permitted to rely on 'a chain of

18  reasoning that includes assumptions.'  Such 'assumptions cannot be pulled from thin

19  air but need some reasonable ground underlying them.'  An assumption may be

20  reasonable if it is founded on the allegations of the complaint.") (citations omitted);

21  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-04 (9th Cir. 1996) (when a

22  complaint filed in state court alleges on its face "damages in excess of the required

23  jurisdictional minimum," the amount pled controls unless it appears "to a legal

24  certainty" that the claim is for less than the jurisdictional amount); *Lowdermilk v.*

25  *U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) ("Here, we need not look

26  beyond the four corners of the complaint to determine whether the CAFA

27  jurisdictional amount is met, as Plaintiff avers damages ('less than five million

28  dollars') that do not reach the threshold for federal jurisdiction.  We hold that

Plaintiff did plead a 'specific amount in damages.'"), *overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1049 (C.D. Cal. 2012) ("[I]f the complaint alleges damages in excess of the federal amount-in-controversy requirement, [however,] then the amount-in-controversy requirement is presumptively satisfied unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum.'"); *Dunn v. Pepsi-Cola Metro. Bottling Co.*, 850 F. Supp. 853, 855 (N.D. Cal. 1994) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'") (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352, 353 (1961).

The Court also does not need to determine if Plaintiffs can in fact collect $8 million.  It only needs to determine that an amount exceeding $75,000 has been put at issue, which it has.  *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

Tellingly, in their motion to remand, Plaintiffs had the option to offer alternative damage evidence for the Court to consider.  But they refused to state that their damages are under $75,000.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) ("Where a removing defendant has shown potential recovery '*could* exceed $5 million and the [p]laintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less,' the defendant 'has borne its burden to show the amount in controversy exceeds $5 million.'").

After Plaintiffs filed their motion, Defendants even asked Plaintiffs if they would stipulate to cap their damages at $75,000, inclusive of fees and costs.  If they agreed to the proposed stipulation, Defendants agreed to a voluntary remand.  But

1  Plaintiffs refused to respond to the proposed stipulation.  (Nelson Decl. ¶¶ 2-3, Ex.

2  1).

3      This is also relevant to the Court's analysis.  The Court may consider

4  Plaintiffs' refusal to stipulate as evidence that they value their claim at an amount

5  above the jurisdictional minimum.  *Yaralian v. Home Depot U.S.A., Inc.*, 2015 WL

6  8374911, at \*2 (C.D. Cal. Dec. 9, 2015); *Morella v. Safeco Ins. Co. of Ill.*, 2012 WL

7  2903084, at \*1 (W.D. Wash. July 16, 2012) (finding that a refusal to stipulate was

8  relevant although not conclusive in determining amount in controversy); *cf.*

9  *Campbell*, 471 F. App'x 646, 649 (9th Cir. 2012) (order to remand reversed:

10  "Moreover, during oral argument, Plaintiffs' counsel was unwilling to stipulate to a

11  damages amount no greater than [jurisdictional minimum]").

12      Faced with an identically drafted prayer for relief drafted by the same

13  plaintiffs' counsel, the Hon. John A. Kronstadt found that the amount in controversy

14  had been established.  In *Infanzon v. Allstate Insurance Company*, 2019 WL

15  5847833 (C.D. Cal. Nov. 6, 2019), Judge Kronstadt held in his Order Re Plaintiff's

16  Motion to Remand:

17      "[T]he sum demanded in good faith in the initial pleading shall be
       deemed to be the amount in controversy." *See* 28 U.S.C. § 1442(c)(2).
18      The Complaint seeks 9 categories of damages, each "not to exceed
       $1,000,000.00."  "Where the pleadings seek 'up to' an amount or set a
19      cap 'not to exceed' a certain figure, 'this suffices as a statement of the
       amount in controversy upon which Defendants can rely in properly
20      removing the action to federal court.'" *McDaniel v. L Brands, Inc*, No.
       2-16-CV-04289-ODW, 2016 WL 6126257, at \*3 (C.D. Cal. Oct. 20,
21      2016) (citing *Morey v. Louis Vuitton N. Am., Inc*, 461 Fed. App'x 642,
       643 (9th Cir. 2011))
22

23  (**Exhibit F**, Order p. 4; Edson Decl. ¶ 8).  Defendants attached this order to its

24  removal papers.  Plaintiffs failed to address this on point holding.

25      Finally, Plaintiffs cannot escape diversity jurisdiction by offering to strike the

26  prayer for relief in their Complaint.  (Motion 4:15-16).  The amount in controversy

27  is determined at the time Plaintiffs filed their Complaint.  *Budget Rent–A–Car, Inc.*

28  *v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) ("Events occurring after the

-8-

1  filing of the complaint that reduce the amount recoverable below the requisite

2  amount do not oust the court from jurisdiction.") (citing *St. Paul*, 303 U.S. at 289–

3  90); *see also* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before*

4  *Trial*, §§ 2:1797, 2:1799 (2014) ("The amount in controversy is determined at the

5  time the action is commenced.").

6        Thus, the amount in controversy requirement has been established.  Diversity

7  jurisdiction properly exists under 28 U.S.C. §§ 1332 and 1441.

8  **IV.   THE AGENT DEFENDANTS ARE "SHAM DEFENDANTS"**

9        Finally, Plaintiffs argue that they can defeat diversity jurisdiction because

10 they named the Alsop agents as individual Defendants.  (Plaintiffs' Motion 6:17-

11 8:22).  Plaintiffs are wrong again.

12       Plaintiffs allege the Agent Defendants are registered insurance brokers.

13 (Complaint ¶ 4; Plaintiffs' Motion 6:17-28).  But, as established in Defendants'

14 removal papers, the Agent Defendants only sell insurance for Allstate.  Thus, they

15 are exclusive agents for Allstate.  (*See* Notice of Removal, Docket No. 1, p.4, ¶ 12).

16 With its opposition, the Agent Defendants further attached relevant excerpts of their

17 agreement with Allstate.  They can only sell other insurance with Allstate's

18 permission.  This only occurs in a circumstance where Allstate does not sell

19 insurance.  This did not apply here.  (John Alsop Dec. ¶ 5, Exhibit C; Eric Alsop

20 Dec. ¶ 4, Exhibit B).

21       In its removal papers, Mr. Alsop testified that he never told Plaintiffs that he

22 would act as *their* insurance broker.  To the contrary, Mr. Alsop held himself out as

23 an Allstate insurance sales agent to them and others.  His business cards and website

24 both indicate that Mr. Alsop is an Allstate insurance sales agent and he uses an

25 Allstate email account with the @Allstate.com when communicating with insureds.

26 (Declaration of Eric Alsop in Support of Removal ¶ 2).   At no point did Mr. Alsop

27 enter into a contract with Plaintiffs nor did he agree to provide, or assume a duty to

28 provide, claim handling services to Plaintiffs in connection with the water claim that

is the subject of their Complaint.  That is a function solely provided by Allstate's claim adjusters, not its sales agents, such as Mr. Alsop. (*Id.* ¶ 3).

Plaintiffs had the opportunity to submit their own sworn declarations to the contrary in their remand motion.  But Plaintiffs have submitted no evidence to rebut Mr. Alsop's testimony.

Plaintiffs ask the Court to instead rely upon the allegations in the Complaint. But they cannot do that, where, as here, a pleading allegation is disputed.  "The statute does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant."  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (plaintiff could not rely upon contested pleading allegations to remand motion in a CAFA case).

Even if the Court were to accept that the Agent Defendants were brokers, it would not matter.  In their Complaint, Plaintiffs admit that the Agent Defendants acted at all times in the scope of their agency for Allstate: "*Defendants and were at all times acting within the purpose and scope of said agency, service and employment*."  (Complaint ¶ 7).  This pleading admission is backed up by the insurance policy between Allstate and Plaintiffs.  The policy expressly disclosed the Agent Defendants to be Allstate's agents, not independent brokers: "Your Allstate agency is **Alsop & Associates**."[2]

Moreover, Plaintiffs' ability to sue Allstate for alleged fraud rests upon their claim that the Agent Defendants "*at all times*" acted as Allstate's agents.  When suing a corporation for fraud, Plaintiffs admit that they were required to name the agents of the corporation who allegedly made false promises on behalf of the corporation.  "Moreover, Plaintiffs clearly allege the 'names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom

---

[2] Request for Judicial Notice, Policy Ex. 1 p. ALL0007; (bold original); *Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d 530, 534 (1988) (treating insurance policy as having been pled in its entirety).

DEFENDANTS' OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT

1   they spoke, and what they said or wrote, and when it was said or written.'"

2   *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).  (See,

3   Plaintiffs' Opposition to Motion to Remand 14:11-15).  Yet, besides the Plaintiffs,

4   the only individuals mentioned in the Complaint are the Agent Defendants.

5   Plaintiffs can't have it both ways.  They can't claim that the Agent Defendants acted

6   "*at all times*" on Allstate's behalf to make it liable for fraud while at the same time

7   denying that they were Allstate's agents.

8        The Complaint further alleges that the Agent Defendants failed to act as

9   alleged adjusters.  Plaintiffs do not allege that policy coverages were inadequate.

10  Instead, following a water loss that Plaintiffs reported to Allstate (Complaint ¶ 13),

11  they claim that "Defendant INSURER wrongfully *undervalued* their claim."

12  (Complaint ¶ 54) (emphasis added).  Plaintiffs allege that the Agent Defendants

13  "failed to assist Plaintiffs with their claim . . . ."  (Complaint ¶ 61).  Allstate then

14  allegedly failed to pay the full claim.  (Complaint ¶ 26).  Thus, even if the Agent

15  Defendants could act as brokers in some other context, they didn't here.

16       Under California law, if someone acts as the agent of an insurance company,

17  and that agency is disclosed, only the insurer — not the agent — is liable for the

18  agent's acts.  This principle was first articulated more than 50 years ago in *Lippert v.*

19  *Bailey*, 241 Cal. App. 2d 376 (1966).  There, an insured tried to hold an insurer's

20  agents liable for negligence.  The court found that the agents were acting within the

21  course of their agency, holding "liability to the applicant or insured for acts or

22  contracts of an insurance agent within the scope of his agency, with a full disclosure

23  of the principal, rests on the company."  *Id.* at 382 (internal quotation marks and

24  citation omitted).  The court explained that "[w]here an agent is duly constituted and

25  names his principal and contracts in his name and does not exceed his authority, the

26  principal is responsible *and not the agent*."  *Id.* (emphasis added).  As a result, "[a]

27  legal remedy [for the agents' alleged negligence] . . . could be maintained *only*

28  against the principal [insurer]."  *Id.* at 384 (emphasis added).

1    Courts repeatedly have found false joinder of insurers' agents sued for acts

2    performed in the course and scope of their agency.  For example, in *Mercado v.*

3    *Allstate Insurance Company*, 340 F.3d 824 (9th Cir. 2003), just like in this case, the

4    plaintiff sought to assert tort claims against the agent who handled her claim for the

5    insurer.  *Id*. at 825.  In holding that the plaintiff could not bring claims against the

6    adjuster, the Ninth Circuit explained that "[i]t is well established that, unless an

7    agent or employee acts as a dual agent . . . she cannot be held individually liable as a

8    defendant unless she acts for her own personal advantage."  *Id*. at 826.  Thus, the

9    Ninth Circuit explained, because the plaintiff's "allegations against [the employee]

10   pertain to actions she took in her capacity as an Allstate employee," the court "did

11   not err in concluding that [the individual] was a fraudulently named defendant."  *Id.*

12   Countless other courts have reached the same result.  *E.g.*, *Charlin v. Allstate*

13   *Ins. Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998) (joinder of individual

14   defendant improper; plaintiff could not state any colorable claim for negligent and

15   intentional torts against individual defendant who acted within scope of disclosed

16   agency for an insurer.); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248 (E.D.

17   Cal. 1992) ("[I]t is settled law that an agent acting within the course and scope of his

18   employment cannot be held liable for . . . a negligent failure to insure."); *Good v.*

19   *Prudential*, 5 F. Supp. 2d 804 (N.D. Cal 1998) (same); *Khordadian v. N.Y. Life Ins.*

20   *Co*., 2014 WL 12705059, at *4 (C.D. Cal. June 10, 2014); *Feizbakhsh v. Travelers*

21   *Com. Ins. Co*., 2016 WL 8732296, at *4 (C.D. Cal. Sept. 9, 2016).  In addition to

22   breach of contract and bad faith causes of action against the plaintiffs' insurers,

23   these cases also involved additional causes of action against the insurers' alleged

24   agents.  *Khordadian*, 2014 WL 12705059, at *1 (intentional misrepresentation and

25   intentional infliction of emotional distress); *Feizbakhsh*, 2016 WL 8732296, at *1

26   (negligent misrepresentation).  Multiple courts have reached the same result under

27   similar allegations.  *Khordadian*, 2014 WL 12705059, at *3 ("Many district courts

28   have held that insurance agents named as defendants in claims by insureds for fraud,

1   misrepresentation, and other torts were fraudulently joined when the alleged

2   misconduct of the agents was within the scope of their role as agents."); *Feizbakhsh*,

3   2016 WL 8732296, at \*4 (granting motion to dismiss insurance agents and

4   explaining that "[o]ther district courts . . . have concluded that the agents were

5   fraudulently joined when their alleged misconduct concerned actions within the

6   scope of their work for the insurer"); *Dobbel v. Liberty Ins. Corp.*, 2018 WL

7   3495661, at \*4 (E.D. Cal. July 20, 2018) ("[N]othing in the FAC suggests that

8   Shaffer acted outside the scope of her employment, as a dual agent, or for her own

9   personal benefit.  As a result, she is an improper defendant in this action."); *accord*

10  *Kuebler v. Allstate Ins. Co.*, 1998 U.S. Dist. LEXIS 10956, at \*9-10 (C.D. Cal.

11  1998) (same); *Campbell v. Allstate Ins. Co.*, 1995 WL 376926 (C.D. Cal. 1995);

12  *Griffin v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS 11126, at \*3-4 (C.D. Cal 1995);

13  *Weinberg v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS, at \*3 (C.D. Cal. 1995).

14          Here, Plaintiffs admit that the Agent Defendants were *always* acting within

15  their scope of their agency and employment for Allstate.  "Plaintiffs' failure to

16  allege that [the insurance agent] acted outside the course and scope of [his]

17  employment — either as a dual agent or for [his] own personal benefit — entitles

18  [him] to dismissal from this action." *Durben v. State Farm Gen. Ins. Co.*, 2016 WL

19  4096801, at \*3 (E.D. Cal. Aug. 1, 2016).  Moreover, Plaintiffs' clear allegation that

20  the Agent Defendants acted within the scope of their agency makes any attempt to

21  amend their claims against them futile. *Id.* at \*3.

22          Plaintiffs cannot get around these authorities by alleging that the Agent

23  Defendants were "brokers."  (Complaint ¶ 4).  As set forth above, they only sold

24  insurance for Allstate.  Only with Allstate's express permission could they sell other

25  insurance.  The policy also defines them as Allstate agents.  Moreover, under the

26  above authorities, it doesn't matter what title Plaintiffs give the Agent Defendants.

27  If any liability exists, it is limited to Allstate. *Mercado*, 340 F.3d at 826.

28

DEFENDANTS' OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT

1       Furthermore, the Court need not "accept as true allegations that are merely

2   conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*

3   *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  In other words, "the

4   tenet that a court must accept as true all of the allegations contained in a complaint

5   is inapplicable to legal conclusions . . . . While legal conclusions can provide the

6   framework of a complaint, they must be supported by factual allegations." *In re*

7   *MannKind Sec. Actions*, 835 F. Supp. 2d 797, 805-06 (C.D. Cal. 2012) (quoting

8   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)).

9       Finally, Plaintiffs quote from a case called *Pullen v. Transguard* in their

10  remand papers.  (Motion 7:1-24).  Defendants object to this authority.  Plaintiffs

11  have not attached it to their remand motion, and there is no Westlaw citation for

12  Defendants to verify the facts of the case.  Even if the Court considers this authority,

13  the part quoted in Plaintiffs' papers states that the Defendant in that case agreed that

14  the California co-defendant was an "independent broker."  (Plaintiffs' Motion 7:15-

15  21).  That is not the case here.  The Alsop agreement with Allstate, the policy, and

16  the Complaint, all establish that the Agent Defendants were agents of Allstate.

17      In short, just like in *Mercado*, Plaintiffs cannot state any claim against the

18  Agent Defendants.  Consequently, Plaintiffs' inclusion of the Agent Defendants

19  does not defeat diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

20      Moreover, all of their allegations against the Alsop Defendants stem from

21  these claim handling complaints.  But claim handling is provided by an insurer's

22  claim adjusters, not its sales agents – such as the Alsop Defendants.  (John Alsop

23  Dec. ¶ 7; Eric Alsop Dec. ¶ 7).  Indeed, sales agents have no duty to adjust claims or

24  insure that they are adjusted properly.  As a result, Plaintiffs have not and cannot

25  state a claim for relief against the Alsop Defendants.

26      Because Plaintiffs cannot state a valid claim against the Alsop Defendants,

27  their citizenship is ignored for diversity jurisdiction.

28  / / /

V.     **CONCLUSION**

For the reasons stated herein, the Court should deny Plaintiffs' request for remand.

Dated:  March 29, 2024          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _____
                    *s/ John D. Edson*
                   JOHN D. EDSON
         Attorneys for Allstate Insurance Company, John
         Alsop Insurance Agency, and Eric Alsop