UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-01442-AB-SK | Date: | April 17, 2024 |
|---|---|---|---|

| Title: | *Monique Lawler et al v. Allstate Insurance Company et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>**GRANTING**</u> MOTION TO REMAND

   Before the Court is Plaintiffs Monique Lawler and Daryl Lawler's (collectively, "Plaintiffs") Motion to Remand Case to State Court ("Motion," Dkt. No. 15). Defendants Allstate Insurance Company ("Allstate"), Eric Alsop, and John Alsop Insurance Agency (collectively, "Defendants") filed an opposition and Plaintiffs filed a reply. (Dkt. Nos. 23, 25.) The Court finds this matter appropriate for decision without oral argument and **VACATES** the hearing set for April 19, 2024. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiffs' Motion is **GRANTED**.

**I.    BACKGROUND**

!

   On January 26, 2024, Plaintiffs filed a Complaint against Defendants in the Superior Court of California for the County of Los Angeles, arising from an insurance dispute related to their water loss claim. *See* Compl. (Dkt. No. 1-1). Plaintiffs assert ten causes of action: (1) breach of contract [insurer], (2) breach of the implied covenant of good faith and fair dealing [insurer], (3) breach of contract [agent], (4) breach of fiduciary duties [agent], (5) violation of Business and

Professions Code §17200 [all defendants], (6) intentional infliction of emotional distress [all defendants], (7) fraud [all defendants], (8) negligent misrepresentation [all defendants], (9) concealment [all defendants], and (10) violation of Consumer Legal Remedies Act (Civil Code §§1750, *et seq.*, 1770(a)(16)) [agent]. *See id.* Plaintiffs seek damages for emotional distress and other economic and noneconomic losses, punitive damages, and attorneys' fees and costs. *See id.*

On February 22, 2024, Defendants timely removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal ("NOR") (Dkt. No. 1) ¶ 7. Defendants allege that Plaintiffs are citizens of California and Allstate is a citizen of Illinois. *See id.* ¶¶ 8-9.

Defendants acknowledge that complete diversity does not exist between Plaintiffs and Defendants Eric Alsop and John Alsop Insurance Agency (collectively, "the Agent Defendants") but assert that they are "sham defendants" that were "fraudulently joined to destroy diversity." *See id.* ¶ 11. Defendants argue that Plaintiffs cannot state a valid claim against the Agent Defendants because the Agent Defendants were disclosed agents acting in the scope of their employment with Allstate. *See id.* ¶ 12. Defendants further assert that the amount in controversy exceeds $75,000 because Plaintiffs are seeking four categories of damages, each not to exceed $1 million "as to each Plaintiff," and therefore have placed up to $8 million in controversy. *See id.* ¶¶ 15-21 (citing *Fernando Infanzon v. Allstate Insurance Company*, No. 2:19-cv-06483, 2019 WL 5847833 (C.D. Cal. Nov. 6, 2019) for the proposition that "[t]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

Plaintiffs now move to remand this case to the California Superior Court on three grounds. First, Plaintiffs assert that the Notice of Removal is "defective and void" because no evidence is provided as to Allstate's "nerve center" and "Allstate has not proven it has the required certificate of authority to transact insurance in California and thus it cannot appear in this case." Mot. at 2. Second, Plaintiffs argue that Defendants have not established complete diversity. *See id.* at 3. According to Plaintiffs, the Agent Defendants are not sole agents of Allstate, and "are not listed by the California Department of Insurance as endorsed agents for Allstate, [but] are listed as independent contractors with multiple listed insurers for whom they do business." *See id.* at 2-3. Lastly, Plaintiffs argue that Defendants have not established that the amount in controversy exceeds $75,000. *See id.* at 3-4. Defendants have submitted evidence in opposition to the Motion and Plaintiffs have submitted objections to the evidence. (*See* Dkt. Nos. 16, 23, 26-27.)

## II. LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served ... is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder that a defendant can overcome only by establishing the following. First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all ambiguities in state law in favor of the plaintiffs. *Bravo v. Foremost Insurance Group*, 1994 WL 570643 at * 2 (N.D. Cal. Oct. 11, 1994). It therefore follows that the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.' " *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006).

Thus, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [any] purported deficiency.' " *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted); accord *Ballesteros v. American Standard Ins. Co. of*

*Wisconsin*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999); *see also Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1136 (C.D. Cal. 2016) (aptly summarizing the "immense burden" removing defendants must satisfy to establish fraudulent joinder). Finally, "[in] considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freedman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

### III.   JUDICIAL NOTICE

Defendants request the Court to take judicial notice of *Fernando Infanzon v. Allstate Insurance Company*, No. 2:19-cv-06483-JAK(Skx), 2019 WL 5847833, (C.D. Cal. Nov. 6, 2019), where this district court found that the plaintiff seeking nine categories of damages in amounts each "not exceeding $1,000,000.00" sufficed "as a statement of the amount in controversy upon which Defendants can reply in properly removing the action to federal court." *See* Edson Decl. ¶ 8, Ex. F (Dkt. No. 1-9). The Court **GRANTS** Defendants' request for judicial notice, as the court order is a public record and relates to matters before the Court. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citation omitted).
!
### IV.   DISCUSSION

Plaintiffs have raised several arguments for remand. However, the Court only addresses the issue of fraudulent joinder because it is dispositive of the Motion. The Court concludes that Defendants have not met their heavy burden of establishing that the Agent Defendants were fraudulently joined.

Generally, in California, an insurance agent when acting in the name of a disclosed principal is not liable for acts done within the scope of his or her agency. *See Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (Cal. Ct. App. 1966). However, California courts have recognized two separate exceptions to the *Lippert* rule: the dual agency exception and the special duty exception. *See Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1120 (N.D. Cal. 2002).

In the Notice of Removal, Defendants argue that "Plaintiffs admit that Mr. Alsop and his company, John Alsop Insurance Agency, was a fully disclosed agent acting in the course and scope of his employment with Allstate. For this reason, Plaintiffs cannot state any valid claim against Mr. Alsop or John Alsop Insurance Agency." *See* NOR ¶ 12 (citing Compl. ¶ 4). However, Plaintiffs claim that the Agent Defendants were independent brokers. *See* Mot. at 3, 5, 10. The Complaint alleges that the Agent Defendants "engaged in the business of insurance as insurance brokers … [and] as a broker, claimed to have evaluated Plaintiffs' coverage needs, advised Plaintiffs what coverage to get with Defendant [Allstate], advised Plaintiffs that said company was the best in handling, adjusting and settling claims in comparison to other insurance companies." *See* Compl. ¶ 4. Plaintiffs also allege that based on the representations of the Agent Defendants, they bought the insurance that the Agent Defendants recommended and were advised that as a "service provided with brokering the policy," the Agent Defendants would assist with claims and coverage issues. *See id.* ¶ 5. Plaintiffs argue that the Agent Defendants are not listed by the California Department of Insurance as endorsed agents for Allstate, and are instead listed as independent contractors. *See* Mot. at 3, 5, 10. Plaintiffs assert that that Agent Defendants are "independent contractor insurance brokers," and that they "broker insurance for many different carriers." *Id.* Plaintiffs therefore contend that the Agent Defendants status is "not sufficiently proven." *See id.* at 3, 10.

Defendants have submitted evidence indicating that the Agent Defendants never held themselves out to be independent brokers. *See* Eric Alsop Decl. (Dkt. No. 23-4); John D. Alsop II Decl. (Dkt. No. 23-8). The Agency Defendants both claim that they acted exclusively as an agent for Allstate, never told Plaintiffs that they would act as their insurance broker, held themselves out as an Allstate insurance agent to them and others. *See* Eric Alsop Decl. ¶ 6; John D. Alsop II Decl. ¶ 6. The Agent Defendants assert that their business cards and website both indicate that they are an Allstate insurance sales agent and they use an Allstate email account with the @Allstate.com when communicating with insureds. *Id.* Plaintiffs have offered little support for their contentions, and devote much of their papers challenging Defendants' ability to proceed in this action. While it is disputed whether the Agent Defendants' relationship to Allstate was in fact disclosed to Plaintiffs, it seems unlikely that the Agent Defendants are independent brokers, as they are affiliated with Allstate.

However, California law does not preclude suit against an insurance agent who misrepresents the nature, extent or scope of coverage, or where there is a

request or inquiry by the insured for a particular type or extent of coverage, or where the agent holds himself out as having special expertise. *See Macey*, 220 F. Supp. 2d at 1125-26 (citing numerous California cases).

Here, the Complaint contains allegations regarding the Agent Defendants' "skill and experience." The Complaint alleges that the Agent Defendants "represented themselves to be experts and held themselves out as having superior training, education and knowledge" and Plaintiffs relied on the Agent Defendants to "furnish information concerning the issuance and procurement of appropriate insurance coverage from a licensed and reputable insurer with claims personnel in the State of California authorized to conduct business here, by procuring for Plaintiffs the subject Policy of insurance as an insurance broker and by representing to Plaintiffs that they would procure a policy of insurance that would protect Plaintiffs in the event of a loss, from a valid and viable insurer." *See* Compl. ¶ 60. Thus, it is not obvious that Plaintiffs cannot possibly prevail on their negligent misrepresentation claims against the Agent Defendants.

Although the Court makes no determination about whether the claims against the Agent Defendants will ultimately be meritorious, resolving the disputed issues of facts in Plaintiffs' favor, the Court cannot conclude that Plaintiffs' purported failure to state a claim is so "obvious" as to warrant a finding of fraudulent joinder. It is possible that Plaintiffs could carry claims against the Agent Defendants. *See Good*, 5 F. Supp. 2d at 807. Because the nature of the Agent Defendants' dual agency and special duty is contested, there is a "glimmer of hope" that Plaintiffs can establish a claim. Moreover, Defendants have not shown that Plaintiffs would not be afforded leave to amend their Complaint to cure the purported deficiencies. *See Mireles*, 845 F. Supp. 2d at 1063. Because it has not been established that the Agent Defendants were fraudulently joined, the citizenship of the Agent Defendants must be considered. Accordingly, complete diversity does not exist and the Court therefore lacks subject matter jurisdiction.

### V.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**. This action is hereby **REMANDED** to the Los Angeles Superior Court. The Court therefore does not address Defendants' Motions for Judgment on the Pleadings (Dkt. Nos. 9-10).

**IT IS SO ORDERED**.